UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80163-CIV-COHN/SELTZER

ELIZABETH S. SHAVITZ
and GREGG SHAVITZ,

    Plaintiffs,

v.

GEICO GENERAL INSURANCE
COMPANY and GOVERNMENT
EMPLOYEES INSURANCE COMPANY,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon GEICO's Motion to Dismiss Plaintiffs' Complaint for Declaratory Relief [DE 6] ("Motion to Dismiss"). The Court has carefully reviewed the Motion to Dismiss, along with Plaintiffs' Response [DE 11] and Defendants' Reply [DE 12], and is otherwise fully advised in the premises.

**I.     Background**

On December 21, 2010, Plaintiff Elizabeth Shavitz was involved in a car accident that allegedly caused bodily injuries to non-party Richard Gilbert. See DE 1 at 3, ¶ 16 (Compl. for Declaratory Relief). At that time, Elizabeth Shavitz and co-Plaintiff Gregg Shavitz (together, "Plaintiffs") were insured under bodily-injury and umbrella liability policies issued, respectively, by Defendants GEICO General Insurance Company and Government Employees Insurance Company. See id., ¶¶ 13-15. On January 9, 2012, Gilbert and his family sued Plaintiffs for damages in Florida circuit court. See id. at 3-4, ¶ 19. Plaintiffs "tendered control of the evaluation, adjustment, and defense of Mr. Gilbert's claims" to Defendants. Id. at 3, ¶ 18.

Defendants engaged counsel to represent Plaintiffs in the state-court action. See DE 1 at 4, ¶ 20. But according to Plaintiffs, the state lawsuit remains pending "despite multiple opportunities to settle the case within policy limits." Id., ¶ 21; see id., ¶ 26 (alleging Defendants' "rejection of multiple offers to settle the . . . lawsuit within the policy limits"). Further, "Plaintiffs anticipate that in order to settle the case before trial, they may be invited to contribute significant sums of their own money and required to decide whether that is in their best interest or not." Id. at 4-5, ¶ 26. Because Plaintiffs "fear extra-contractual exposure," they have repeatedly asked Defendants for copies of documents reflecting Defendants' "evaluation of the Gilbert family's claims." Id. at 4, ¶ 22; see id., ¶ 23. These documents include Defendants' "claim file, log notes, reserve worksheets and updates, the initial 90-day report, control alert memo, and a copy of the home office claim file." Id., ¶ 23. Defendants, though, have "refused to provide this documentation to Plaintiffs." Id., ¶ 24.

On February 9, 2015, Plaintiffs filed this diversity action against Defendants based on the federal Declaratory Judgment Act. See DE 1; 28 U.S.C. § 2201(a).[1] Claiming that they will "suffer significant damages" if "an excess judgment is awarded" in the state lawsuit, DE 1 at 5, ¶ 31, Plaintiffs seek the following declarations here:

---

[1] The Court recognizes that the exercise of jurisdiction under the Declaratory Judgment Act is discretionary, not mandatory. See 28 U.S.C. § 2201(a) (providing that, "[i]n a case of actual controversy within its jurisdiction," a federal court "**may** declare the rights and other legal relations of any interested party seeking such declaration" (emphasis added)). In this regard, the Court is especially mindful of avoiding any "gratuitous interference" with the related state-court case. Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). Nevertheless, having considered the relevant factors, the Court finds it appropriate to proceed with this action. See id. at 1331 & n.4.

      1.      That Defendant[s] . . . owe[] Plaintiffs a fiduciary duty to Plaintiffs to act fairly and honestly towards Plaintiffs and with due regard for Plaintiffs' interests.

      2.      That because of this fiduciary relationship, [Plaintiffs] have a right to access and view all documents reflecting the investigation, evaluation and communications conducted by [Defendants] in connection with the covered claim against [Plaintiffs] that [Defendants are] defending.

Id. at 6-8.

In response to Plaintiffs' Complaint, Defendants filed their Motion to Dismiss. Defendants argue that Plaintiffs may not obtain the claim file and other documents they seek for purposes of the ongoing state-court action. Rather, Defendants maintain, those documents would be subject to disclosure only in a potential future case alleging that Defendants acted in bad faith by not settling the Gilberts' lawsuit within policy limits. Plaintiffs oppose the Motion to Dismiss, contending that Defendants are required to produce the documents based on their fiduciary duties to act in good faith and with due regard for Plaintiffs' best interests. Specifically, Plaintiffs assert that they need the documents to evaluate fully the Gilberts' claims.

**II.    Discussion**

To withstand a Rule 12(b)(6) dismissal motion, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint therefore must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds

3

of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration, citations & internal quotation marks omitted).

At this stage in the litigation, a court must accept the facts alleged in the complaint as true and draw all reasonable inferences therefrom in the plaintiff's favor. See Twombly, 550 U.S. at 555-56. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove the necessary facts. See id. Nonetheless, the court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Under Florida law, "a third-party bad faith cause of action arises when the insurer fails to act in good faith in handling a claim brought by a third party against an insured." Macola v. Gov't Emps. Ins. Co., 953 So. 2d 451, 457 (Fla. 2006). The Supreme Court of Florida has explained that "the essence of a third-party bad-faith cause of action is to remedy a situation in which an insured is exposed to an excess judgment because of the insurer's failure to properly or promptly defend the claim." Cunningham v. Standard Guar. Ins. Co., 630 So. 2d 179, 181 (Fla. 1994) (citing Fid. & Cas. Co. v. Cope, 462 So. 2d 459, 460 (Fla. 1985)). As pertinent here, Florida common law has long held that "in actions by third parties against the insured, the insurer must act in good faith and be diligent in its effort to negotiate a settlement." Camp v. St. Paul Fire & Marine Ins. Co., 616 So. 2d 12, 14 (Fla. 1993) (citing Auto Mut. Indem. Co. v. Shaw, 184 So. 852 (Fla. 1938)). This principle is now codified in a statute. See Fla. Stat. § 624.155(1)(b)1

(permitting a damages claim against an insurer for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests").[2]

As these authorities make clear, "bad faith actions do not exist in a vacuum." Allstate Indem. Co. v. Ruiz, 899 So. 2d 1121, 1124 (Fla. 2005).  "A necessary prerequisite for any bad faith action is an underlying claim for coverage or benefits or an action for damages which the insured alleges was handled in bad faith by the insurer." Id.  For this reason, "coverage and liability issues" in the original action "must be determined before a bad faith cause can be prosecuted."  Gen. Star Indem. Co. v. Anheuser-Busch Cos., 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999).  In particular, "[p]rior to bringing an action for bad-faith refusal-to-settle an insurance claim against an insurer, Florida law requires that the plaintiff demonstrate that there has been a determination of the insured's damage."  Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 483 F.3d 1265, 1270 n.3 (11th Cir. 2007) (internal quotation marks omitted).  And that determination cannot be made until the underlying lawsuit is completed. See, e.g., Fla. Stat. § 624.155(8) ("The damages recoverable pursuant to this section shall include those damages which are a reasonably foreseeable result of a specified violation of this section by the authorized insurer and may include an award or judgment in an amount that exceeds the policy limits.").

---

[2]  "[A] third-party bad faith action can be pursued under both the common law and the statute," but the insured party is "precluded from recovering judgments under both the common law and statutory causes of action."  Macola, 953 So. 2d at 457 (citing Fla. Stat. § 624.155(8)).

"In the context of both statutory and common law third-party bad faith actions for failure to settle a claim," the insured is entitled to "discovery of the insurer's underlying claim file" and related materials. Ruiz, 899 So. 2d at 1126. That rule is "predicated on the fact that the insurer owes to the insured a duty of fair dealing, honesty and due regard for the insured's interests in handling the third-party litigation." Id. But until the action or claim supporting the bad-faith lawsuit has been concluded—thus establishing any liability and damages—"discovery of an insured's claim file is not permissible." Gen. Star Indem. Co., 741 So. 2d at 1261; see Ruiz, 899 So. 2d at 1130. This is because issues concerning the insurer's evaluation of the underlying action or claim are "premature and irrelevant" until the bad-faith claim is ripe. Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 696 (S.D. Fla. 2007).

Here, the Gilberts' state-court action against Plaintiffs has not yet been resolved, either through settlement or judgment. Plaintiffs claim to foresee that they will have to contribute funds above the policy limits, but no such liability has yet been established. More, despite Plaintiffs' alleged need to independently review Defendants' claim file, Florida law precludes the compelled disclosure of that file at this time. If Plaintiffs eventually have to pay an excess judgment, the amount of their damages from Defendants' alleged breach of fiduciary duty would be fixed. Plaintiffs could then seek to assert a bad-faith claim against Defendants and to discover the claim-file documents. But Plaintiffs are not entitled to a declaration of any present right to the documents.

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. GEICO's Motion to Dismiss Plaintiffs' Complaint for Declaratory Relief [DE 6] is **GRANTED**;

2. The above-styled action is **DISMISSED**; and

3. The Court will enter a separate Final Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of July, 2015.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF